Nelson, Ch. J.
Upon the view I have taken of the case the only question at all material to examine is, whether the fine inflicted upon the appellant for a wilful violation of the injunction is a debt within the meaning of the bankrupt law, so that his discharge granted under it will operate to exonerate him from imprisonment. If not, then beyond all question the act of the commissioner in discharging the appellant from the mittimus was without authority, and the order of the vice chancellor directing a re-commitment proper.
By the fourth section of the"bankrupt law, (Bankrupt Act of August 19th, 1841,) it is provided that the discharge, and certificate, when duly granted, “ shall be deemed a full and complete discharge of all debts, contracts, and oilier engagements of such bankrupt, which are proveable under this act" &c. The adjudication upon which the fine was imposed in this case is, *302 that “ the said Lyman A. Spalding has been and is guilty of a contempt of this court, in wilfully violating the said injunction, and by disposing of property and receiving and paying out money, contrary to the terms of the said injunction; and that said misconduct of the said Lyman A. Spalding was calculated to and actually did impede and prejudice the rights and remedies of the complainant in the said cause.”
The act for which the appellant has thus been adjudged guilty, is a criminal offence under the revised statutes, and was so before at the common law; subjecting the offender to indictment, and on conviction to fine and imprisonment. (2 R. S. 692, § 14; id 697, §40; 4 Bl. Comm. 129.)
' But this remedy by indictment was oftentimes found too tardy for the exigency of the case; and hence the law has also authorized the more summary proceeding by attachment as for a criminal contempt, whereby the offender is arraigned at once upon the charges, and the course of justice more promptly vindicated and sustained. As has been well remarked in reference to this subject, laws without a competent authority to secure their administration from disobedience and contempt would be vain and nugatory. A power in the courts of justice, therefore, to suppress such contempts, by an immediate attachment of the offender, results from the first principles of judicial establishments, and must be an inseparable attendant upon every superior tribunal.
This summary mode of punishment is the one that has been resorted to in the instance before us; and upon a conviction, the propriety and justice of which is not in question, a fine of $3000, together with the costs, has been imposed—a penalty, as we have seen, for a strictly criminal offence, and inflicted under a strictly criminal proceeding. The very statement of the case is therefore enough to show that there is no color for the ground taken, viz. that the fine is a debt within the bankrupt law. It is no more a debt than if it had been imposed after conviction on an indictment, or for any other of the numerous minor offences within the calendar of crimes.
It is contended, however, that these proceedings, being under *303 the revised statutes, providing for the enforcement of civil remedies, (3 R. S. 534 et seq.,) should, though in form criminal, be regarded simply as another remedy for collecting the debt claimed in the chancery suit, and upon which they have been founded; that the fine is in point of fact imposed for the purpose of being applied to the extinguishment of that debt, whenever in the progress of the suit it shall have been established ; that it is but incidental to the debt, and dependant upon it; and that a discharge of the one must necessarily discharge the other.
The answer to all this is, that several cases of strictly criminal contempts have been incorporated into the provisions of the statute referred to, for the purpose of authorizing the court to impose a fine with a view to the actual loss or injury sustained by the party aggrieved, and of applying the money in satisfaction of the same, instead of imposing it for the benefit of the people. This is most manifest from a perusal of the several provisions. We find there the case of assuming to be an officer, attorney, solicitor, or counsellor of the court, and acting as such without authority; of rescuing property &c. from the, custody of officers; of unlawfully detaining a witness or party from court; of unlawfully interfering with the process or proceedings in an action; of refusal by a witness to attend or be sworn; of improper conduct by jurors in conversing with a party to the suit, or receiving communications from him or others in relation to the merits; and of disobedience to any lawful order, decree, or process of the court &c. (2 R. S. 534, 5, § 1, subd. 3, 4, 5, 6.)
All these are strictly cases of criminal contempts, which have nothing to do with the collection of debts or the enforcement of civil remedies, beyond the support and vindication of the general administration of the laws; and the following provisions of the statute, regulating the punishment to be inflicted, show the reason for bringing such cases under this head:
“ If the court shall adjudge the defendant to have been guilty of the misconduct alleged, and that such misconduct was calculated to, or actually did, defeat, impair, impede or prejudice *304 the rights or remedies of any party die., it shall proceed to impose a fine, or to imprison him, or both, as the nature of the case shall require.” (2 R. S. 538, § 20.) “ If an actual loss or injury shall have been produced to any party, by the misconduct alleged, a fine shall be imposed sufficient to indemnify such party, and to satisfy his posts and expenses, which shall be paid over to him, on the order of the court. And in such-case the payment and acceptance of such fine, shall be a. bar to any action by the aggrieved party, to recover damages for such loss or injury.” (Id. § 21.) “ When the misconduct complained of consists in the omission to perform some act or duty, which it is yet in the power of the defendant to perform, he shall be imprisoned only until he shall have performed such act or duty,” &c. (Id. § 23.)
Thus, in cases confessedly criminal and indictable, the penalties for which would ordinarily go for the benefit of the people, the courts are authorized to impose a fine with a view to the indemnity of the party aggrieved; his acceptance of it being declared a bar to any private action for the injury. The fine, however, is no less a penalty for a criminal act than if inflicted for the benefit of the people; but the imposition of it in the way prescribed accomplishes the double purpose of punishment for the misconduct on the one hand, and indemnity to the aggrieved party on the other.
I am satisfied, therefore, that the discharge under the bankrupt law had no sort of application to the case, and that the order for recommitment by the vice chancellor was proper and legal.
It is said that whether the commissioner erred or not in discharging the appellant from the mittimus under the writ of habeas coi'pus, the vice chancellor had no authority to re-commit until the commissioner’s order was reversed by certiorari. (2 R. S. 561, § 59.) This would be true, if the commissioner had had jurisdiction over the subject matter, and had rendered only an erroneous judgment in the premises; but the doctrine has no application where his proceeding is wholly without authority, and void, as in this case. (Id. 567, § 40, subd. 3; id. 568 § 44; Cable v. Cooper, 15 Johns. Rep. 152.)
*305 I am clearly of opinion that the decision of the chancellor was right, and shall therefore vote to affirm it.
On the question being put, “Shall this decree be reversed?” all the members of the court present who heard the argument, sixteen in number, voted for affirming.
Decree affirmed.(a)

 This case was subsequently removed to the supreme court of the United States, where it was argued in December, 1845, and the decision of the court for the correction of errors affirmed.